United States District Court
District of New Jersey

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Madeline Cox Arleo |
| v. | : | Magistrate No. 07-8085 |
| OMAR ABAD and BASSIM FARDOS | : | CRIMINAL COMPLAINT |

I, William Strenske, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about June 12, 2007, in Hudson County, in the District of New Jersey and elsewhere, defendants did:

knowingly and intentionally conspire and agree with others to distribute and to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

In violation of Title 21, United States Code, Section 846.

I further state that I am a Special Agent with the United States Department of Justice, Drug Enforcement Administration and that this complaint is based on the following facts:

SEE ATTACHMENT A.

_____
William Strenske
Special Agent
Drug Enforcement Administration

Sworn to before me and subscribed in my presence,

_____ at
Date

Honorable Madeline Cox Arleo
United States Magistrate Judge
Name & Title of Judicial Officer

Newark, New Jersey
City and State

_____
Signature of Judicial Officer

ATTACHMENT A

    I, William Strenske, am a Special Agent with the United States Department of Justice, Drug Enforcement Administration. Based upon my investigation, conversations with a confidential informant, and my discussions with other individuals involved in this investigation, I have knowledge of the following facts:

1. On or about June 12, 2007, with the receipt of information from a confidential source of information (the "CI"), law enforcement initiated an investigation of a suspected narcotics trafficking organization operating in and around Hudson County, New Jersey.

2. At approximately 6:05 p.m. on June 12, 2007, under the supervision of law enforcement officials, the CI contacted an individual known as "Omar" for purposes of discussing a narcotics related transaction. The overall dialog of this conversation, which was overheard in its entirety by law enforcement, consisted of preliminary steps to prearrange a narcotics transaction between the CI and "Omar." During that conversation, the CI and "Omar" discussed a cocaine transaction involving multiple kilograms of cocaine that would take place on June 12, 2007. The suspected source of supply of the cocaine was believed to be an individual known as "Bassim".

3. On June 12, 2007, beginning at approximately 8:15 p.m. and continuing through approximately 10:49 p.m., on a periodic basis and under the supervision of law enforcement, the CI and "Omar" continued to discuss plans for this narcotics transaction, speaking in detail about the time and place of this proposed transaction along with the amount of cocaine that was to be delivered by "Omar." The outcome of these conversations was the prearranging of a narcotics transaction to take place at the specific location of 80th Street and 4th Avenue North Bergen, New Jersey, between the CI and "Omar." This transaction was prearranged for a total of approximately nine (9) kilograms of cocaine.

4. On June 12, 2007, at approximately 9:00 p.m., law enforcement surveillance was initiated at 1229 79th Street, North Bergen, New Jersey, which was the suspected home of "Omar." At that location, a 2007 Silver Dodge Durango, bearing New York registration DXZ3531 (the "Dodge"), was parked in the driveway. The CI, while in the company of law enforcement, positively identified the Dodge as the vehicle he/she had witnessed "Omar" conduct numerous narcotics transactions with in the past. The CI added that "Omar" routinely used the Dodge to conceal and transport multiple kilograms of cocaine, while conducting narcotics transactions. Furthermore, the CI elaborated that the kilograms of cocaine were consistently concealed inside hidden compartments within the Dodge.

5. During the conversations referred to above, at approximately 10:43 p.m., the CI and "Omar" agreed on a meet location in the area of 80th Street and 4th Avenue, North Bergen, New Jersey. Furthermore, it was during this conversation that "Omar" said to CI, in substance and in part, how many do you need, and the CI replied, in substance and in part, I need four for my man in Newark and five for my people in the Bronx ("four" and "five" as used by the CI are code words for four and five kilograms of cocaine, respectively). "Omar" replied, in substance and in part, okay, I will see you in five minutes, and the conversation ended. This conversation was overheard in its entirety by law enforcement. At approximately 10:45 p.m., surveillance was established in the area of 80th Street and 4th Avenue, anticipating the arrival of "Omar."

6. During another conversation at approximately 10:49 p.m., "Omar" said to the CI, in substance and in part, I am here (meaning that "Omar" was at 80th Street and 4th Avenue). At that point, law enforcement and the CI drove north on 4th Avenue from 80th Street. While approaching the intersection of 81st Street and 4th Avenue, the CI positively identified "Omar," who was standing behind a 2006 Black Nissan 300Z, bearing New York registration DVP4793 (the "Nissan"). An individual later identified as Bassim Fardos ("Fardos") was seen in the driver side of the Nissan. The physical description of "Omar" was consistent with that previously provided by the CI. The CI confirmed that the Nissan was the same vehicle he/she had seen "Omar" utilize during narcotics transactions in the past and re-stated that the Nissan was equipped with a hidden compartment located behind one of the seats, which "Omar" uses to conceal multiple kilograms of cocaine. In addition, during the last conversation listed above, at approximately 10:49 p.m., law enforcement observed "Omar" utilize his cellular telephone as he communicated with the CI.

7. Pursuant to a court-authorized search warrant, law enforcement executed searches on the Nissan and the Dodge. The searches of the vehicles resulted in the recovery and seizure of approximately 9 individually wrapped, brick-shaped items and approximately $185,000 in United States currency. The substance contained in the individually wrapped, brick-shaped items was weighed and field tested positive for the presence of cocaine. The weight of the cocaine was approximately 9 kilograms.